**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JOHN P. STRICKLAND,** | ) | **CASE NO. 4:08CV3081** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **Dr. JANSEN J. WILLIAMS, NURSE** | ) | |
| **KERRY CROPP, NURSE DENNIS** | ) | |
| **FRITZEN, and JOHN DOES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint on April 22, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   INITIAL REVIEW OF COMPLAINT**

   **A.   Summary of Complaint**

Plaintiff filed his Complaint on April 22, 2008, against four Defendants, Dr. Jansen J. Williams, Nurse Kerry Cropp, Nurse Dennis Fritzen, and "John Does."[1] (Filing No. 1 at CM/ECF p. 1.) Defendants are "Medical Staff" employees at the Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. (Id. at CM/ECF p. 1-18.) Plaintiff is currently incarcerated at TSCI. (Id. at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Defendants ignored Plaintiff when he requested medical attention, and as a result, Plaintiff suffered for three days. (Id. at CM/ECF p. 15.) Plaintiff alleges the "Medical Staff" ignored him because they believed he was "faking it." (Id. at CM/ECF p. 8.) Plaintiff alleges he was not "faking it" and states that

---

[1] Although listed as Defendants, Plaintiff does not make any specific allegation regarding "John Does" in his Complaint. (Filing No. 1 at CM/ECF p. 1.) Defendants "John Does" are therefore dismissed from this action.

he was diagnosed with a "bleeding ulcer" that caused him to lose "so much blood he could not stand on his two feet." (*Id.* at CM/ECF pp. 10-12.) Plaintiff alleges that the "Medical Staff" has a duty to provide TSCI inmates with proper care, and that staff's negligence constitutes cruel an unusual punishment. (*Id.* at CM/ECF pp. 10-12, 15.) Plaintiff seeks monetary damages in the amount of $250,000.00 from "ever[y] Defendant." (*Id.* at CM/ECF p. 16.) In addition, Plaintiff seeks injunctive relief in the form of a court order that revokes Defendant's medical licenses so that they can no longer practice medicine. (*Id.*)

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v.*

2

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-104).

Here, Plaintiff alleges that Defendants ignored his request for medical treatment because they believed he was "faking." (Filing No. 1 at CM/ECF p. 8.) As a result, Plaintiff

3

suffered for three days. (*Id.* at CM/ECF p. 15.) Plaintiff alleges that his condition was serious; he experienced a "bleeding ulcer" that caused him to lose "so much blood he could not stand on his two feet." (*Id.* at CM/ECF pp. 10-12.) Liberally construed, Plaintiff has set forth enough facts to nudge his claims against Defendants across the line from conceivable to plausible. As a result, Plaintiff's claims against Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## II.   PLAINTIFF'S PENDING MOTION

Plaintiff seeks the appointment of counsel. (Filing No. 6 .) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion;

2. Plaintiff's claims against Defendants "John Does" are dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff's claims against the remaining Defendants may proceed and service is now warranted as to those claims only;

4.  To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

5.  Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

6.  Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

7.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

8.  The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**November 12, 2008**: Check for completion of service of summons;" and

9.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

DATED this 14th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge