IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN P. STRICKLAND, | ) | CASE NO. 4:08CV3081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DR. JANSEN J. WILLIAMS, KERRY | ) | |
| CROPP, Nurse, DENNIS FRITZEN, | ) | |
| Nurse, and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 41.) As set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiff John P. Strickland ("Strickland") filed his Complaint in this matter on April 22, 2008. (Filing No. 1.) Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and, liberally construed, alleges that Defendants violated Plaintiff's Eighth Amendment rights to receive timely medical treatment for a stomach ulcer while incarcerated. (Filing No. 1.)

Defendants filed their Motion for Summary Judgment on January 12, 2009. (Filing No. 41.) Along with their Motion, Defendants also filed an Index of Evidence and Brief in Support. (Filing Nos. 42 and 43.) Despite having more than two months in which to do so, Plaintiff did not file an opposition or any other response to Defendants' Motion. (*See* Docket Sheet.) Rather, on January 2, 2009, Plaintiff filed his own Motion for Summary Judgment. (Filing No. 40.) Plaintiff's Motion for Summary Judgment simply repeats the allegations of the Complaint, and Plaintiff has not submitted any evidence supporting his allegations. (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

Defendants have submitted a statement of material facts in accordance with the court's Local Rules. However, Plaintiff has not submitted any "concise response" to those facts. Further, Defendants have adequately controverted the facts set forth by Plaintiff in his Motion for Summary Judgment. Defendants submitted evidence which was properly authenticated by affidavit. Plaintiff has not. This matter is deemed fully submitted and the material facts set forth by Defendants are "deemed admitted" due to Plaintiff's failure to controvert those facts.

## II. RELEVANT UNDISPUTED FACTS

1. Strickland is a prisoner confined at the Tecumseh State Correctional Institution ("TSCI"), a facility within the Nebraska Department of Corrections. (Filing No. 1 at CM/ECF p. 1.)

2. Defendant Janssen J. Williams ("Williams") is a physician licensed to practice medicine in the State of Nebraska. He is currently employed by Correct Care Solutions,

2

a private organization that contracts with TSCI to provide medical services to inmates. (Filing No. 42-2, Attach. 1, at CM/ECF p. 1.)

3. Defendant Carrie Cropp ("Cropp") is a registered nurse licensed to practice in the State of Nebraska. She is currently employed by Correct Care Solutions, a private organization that contracts with TSCI to provide medical services to inmates. (Filing No. 42-3, Attach. 2, at CM/ECF p. 1.)

4. Defendant Denise Fritzen ("Fritzen")[1] is a registered nurse licensed to practice in the State of Nebraska. She is currently employed by Correct Care Solutions, a private organization that contracts with TSCI to provide medical services to inmates. (Filing No. 42-4, Attach. 3, at CM/ECF p. 1.)

5. Strickland claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they were deliberately indifferent to his symptoms of rectal bleeding, vomiting and blood in his stool which were ultimately diagnosed as a bleeding stomach ulcer. (Filing No. 1.)

6. At all relevant times, Strickland was housed in the segregation unit at TSCI. Inmates in the segregation unit are offered medical treatment on a daily basis. Cropp was the nurse in charge of making daily rounds in the segregation unit. (Filing No. 42-3, Attach. 2, at CM/ECF p. 2.)

7. As an inmate in the segregation unit, Strickland was offered medical care by Cropp on a daily basis. (*Id.*)

---

[1] Plaintiff refers to Williams as "Jansen" Williams, Cropp as "Kerry" Cropp, and Fritzen as "Dennis" Fritzen. The court will use the correct spelling of Defendant's first names, as provided by Defendants, for accuracy.

8. In addition to daily sick call, inmates in segregation can obtain medical treatment in emergency situations by contacting the nearest staff member in the prison. The staff will then escort the inmate to the medical department if indicated. (Filing No. 42-5, Attach. 4, at CM/ECF p. 4.)

9. According to Strickland, although his stomach began hurting and his "stool was really black" on February 26, 2008, he did not believe his symptoms were serious and did not contact prison staff to be seen by medical staff on an emergent basis. (*Id.* at CM/ECF p. 9.)

10. The undisputed medical evidence reflects that Strickland was seen by Cropp on February 26, 2008. On that date, Strickland reported a headache and asked for and received an aspirin. Strickland did not complain of stomach pain or blood in his stool. (Filing No. 42-3, Attach. 2, at CM/ECF pp. 2, 5.)

11. Cropp was also in charge of the segregation unit sick call from February 27, 2008 through February 29, 2008. On each of those dates, Cropp asked whether Strickland needed medical care, Strickland did not indicate to Cropp that he needed or wanted medical treatment, and Strickland did not indicate that he had pain in his stomach or blood in his stool. (*Id.* at CM/ECF p. 2.)

12. Strickland testified that he first believed his symptoms may be something serious on February 28, 2008. (Filing No. 42-5, Attach. 4, at CM/ECF p. 9.)

13. Williams examined Strickland on February 28, 2008 for the purpose of evaluating Strickland's chronic condition, Hepatitis C. At that visit, Strickland did not complain of pain in his stomach or blood in his stool. At that time, Williams determined that

4

Strickland did not appear to be ill or in need of medical attention. (Filing No. 42-2, Attach. 1, at CM/ECF pp. 2-3, 5; Filing No. 42-5, Attach. 4, at CM/ECF p. 9.)

      14.     On March 1, 2008, Strickland was ill in his cell. He was taken to the medical department by a TSCI staff member named Daire. On that date, Strickland vomited blood for the first time. Within 30 minutes after Strickland vomited blood, he was seen by Fritzen. (Filing No. 42-5, Attach. 4, at CM/ECF pp. 11-12, 14.)

      15.     At the TSCI emergency department, Fritzen conducted a complete physical examination of Strickland. Fritzen checked Strickland's pulse, blood pressure while lying, sitting and standing, skin tone and temperature. In addition, Fritzen performed a rectal examination of Strickland. Fritzen's notes reflect that there was bright red drainage around Strickland's anus which was possibly explained by an external hemorrhoid which was identified. Based upon her examination, Fritzen determined that hospitalization was not warranted. (*Id.* at CM/ECF p. 12; Filing No. 42-4, Attach. 3, at CM/ECF p. 2.)

      16.     Following her examination of Strickland, Fritzen called Williams to discuss her findings. Williams agreed that hospitalization was not warranted. Williams recommended to Fritzen that Strickland be placed in observation and that the medical department be notified of further bleeding or vomiting. Fritzen then requested that the prison staff place Strickland in observation and inform the medical staff of further problems. (Filing No. 42-2, Attach. 1, at CM/ECF p. 3; Filing No. 42-4, Attach. 3, at CM/ECF pp. 2-3, 5-6; Filing No. 42-5, Attach. 4, at CM/ECF p. 12.)

      17.     The TSCI medical department was notified on March 2, 2008 at approximately 5:30 p.m. that Strickland was complaining of dizziness and had vomited blood. Williams immediately admitted Strickland to the prison hospital for observation and

5

treatment. While in the hospital, Strickland was placed on IV fluids and medication. Williams ordered blood tests, which were sent to the Johnson County, Nebraska Hospital lab. (Filing No. 42-2, Attach. 1, at CM/ECF pp. 3-4, 6-8.)

18. On March 3, 2008, after blood tests revealed that Strickland's hemoglobin levels had dropped, Strickland was transported to Bryan LGH Hospital in Lincoln, Nebraska for treatment. (*Id.*)

19. At Bryan LGH Hospital, Strickland was diagnosed with a bleeding stomach ulcer, was provided treatment and was discharged back to TSCI on March 6, 2008. Strickland has recovered fully from the stomach ulcer and has no ongoing medical problems from the ulcer. (*Id.*; Filing No. 42-5, Attach. 4, at CM/ECF p. 6.)

20. Strickland does not complain about the treatment he received after he was admitted to the prison hospital on March 2, 2008. Instead, Strickland alleges that Defendants violated his Eighth Amendment rights by delaying his admission to the hospital. (Filing No. 42-5, Attach. 4, at CM/ECF p. 14.)

21. Williams and Cropp believe that the care provided to Strickland was adequate and proper. (Filing No. 42-2, Attach. 1, at CM/ECF p.4; Filing No. 42-4, Attach. 3, at CM/ECF p. 3.)

### III. ANALYSIS

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. Pro. 56(c). *See also* *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Plaintiff's Eighth Amendment Claim

Liberally construed, Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated Plaintiff's Eighth Amendment rights to receive medical care while incarcerated because they failed to timely hospitalize him to treat his stomach ulcer. (Filing No. 1.) As set forth below, Defendants provided Plaintiff with appropriate medical care in accordance with their obligations under the Eighth Amendment. Therefore,

7

no Eighth Amendment violation occurred and Defendants are entitled to summary judgment.

To sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then

8

failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)* (citations omitted). Bare assertions or a "self-diagnosis," without more, are not enough to sustain an Eighth Amendment claim. *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994); *see also Long v. Nix,* 86 F.3d 761 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment.").

Here, it is clear that Strickland's medical condition on March 1, 2008, was serious. On that date, Strickland began vomiting blood and had rectal bleeding. The question for the court is whether Defendants were deliberately indifferent to Strickland's serious medical needs. Plaintiff's allegations of "deliberate indifference" relate entirely to his "bare assertion" that he did not receive appropriate treatment in a timely manner. Plaintiff believes that he needed to be immediately hospitalized on March 1, 2008, when he first complained of his symptoms. However, as set forth above, Plaintiff has no right to receive a particular course of treatment. Defendants have submitted physician affidavits showing that the treatment Plaintiff received was extensive and more than adequate. Indeed, Plaintiff received immediate and ongoing treatment for his medical conditions, including physician visits every day while he was in segregation, an extensive emergency evaluation, overnight observation, several other physician visits, IV fluids and medication, blood tests, hospitalization (both within TSCI and at an outside facility), and other care. All together, Plaintiff received extensive emergency care over the course of several days, and was

treated on an ongoing basis from the time he first complained of his symptoms until his medical condition was fully resolved. Plaintiff has not submitted any evidence controverting these facts or showing that his medical conditions were deliberately disregarded or ignored by Defendants.

In short, Plaintiff's disagreement with Defendants' medical judgment does not create a material issue of fact. Instead, Plaintiff's complaints regarding the delay in treatment he received for his stomach ulcer amount to "disagreement with a medical judgment," which are not enough to sustain an Eighth Amendment claim. *Davis*, 992 F.2d at 153 (8th Cir. 1993). Although Plaintiff believes he should have been hospitalized immediately on March 1, 2008, he has no right to a "requested course of treatment." The uncontroverted facts show that Defendants exercised their professional judgment in treating Strickland and determining that observation, rather than hospitalization, on March 1, 2008, was indicated. This professional judgment is supported by another physician. (Filing No. 42-2, Attach. 1, at CM/ECF p.4; Filing No. 42-4, Attach. 3, at CM/ECF p. 3.) Plaintiff has submitted no evidence to the contrary. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) ("In the face of . . . physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.") (internal quotations omitted). In light of the undisputed evidence, Defendants provided adequate care to Plaintiff and are entitled to summary judgment. The Eighth Amendment claims against Defendants will be dismissed with prejudice.

Plaintiff still may present state law claims based on allegations of negligence. The court declines to exercise jurisdiction over such state law claims given that it is dismissing

all federal claims. The court will dismiss Plaintiff's state-law claims without prejudice to reassertion in the proper forum.

    IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 41) is granted. Plaintiff's Eighth Amendment claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice;

2. All other pending motions are denied; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 30th day of March, 2009.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      United States District Judge